PER CURIAM.
In these consolidated cases, the state appeals numerous orders which dismissed various criminal charges filed against the appellees based upon their alleged failure to comply with the limitations on marine net fishing in article X, section 16 of Florida’s constitution (the so-called “net ban” amendment). Each of the orders entered in these cases was based upon the trial court’s order in a previous case, State v. Taylor, et al., Nos. 97-47, 97-60, 97-62 and 97-91 MMA (Franklin County, May 1, 1998), in which the trial court found article X, sections 16(b)(1), (b)(2), (c)(1), (c)(3) and (c)(6) unconstitutionally vague. On appeal of the order in Taylor, we reversed, holding that the trial court erred in ruling the challenged provisions unconstitutionally vague. State v. Kirvin, 718 So.2d 893 (Fla. 1st DCA 1998)(Mr. Taylor was an appellee in Kirvin). In the instant cases, the appellees have correctly confessed that there is no basis to preclude our reversal in the instant cases based upon the authority of our opinion in Kirvin, but appellees moved for entry of a stay pending the appellees attempt to obtain review of Kir-vin in the Florida Supreme Court: The Florida Supreme Court has -now declined jurisdiction in Kirvin, rev. declined, sub nom., Taylor v. State, 729 So.2d 918 (Fla.1999), and, accordingly, we deny the motion for stay as moot. Further, upon the authority of Kirvin, we reverse the orders being appealed and remand the instant cases for further proceedings consistent with this opinion.
BOOTH, MINER AND VAN NORTWICK, JJ., CONCUR.